Veronica McKnight, Esq. (SBN: 306562)
bonnie@westcoastlitigation.com

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff Kimberly Morrisette Montes*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kimberly Morrisette Montes,<br><br>                    Plaintiff,<br><br>v.<br><br>National Collegiate Student Loan Trust 2005-1, A Delaware Statutory Trust(s),<br><br>                    Defendant. | Case No.: 16CV2919 AJB BGS<br><br>**Complaint For Damages Under the Fair Debt Collection Practices Act, 15 U.S.C. § § 1692 et seq.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Kimberly Morrisette Montes ("Plaintiff"), by counsel, brings this action to challenge the actions of National Collegiate Student Loan Trust 2005-1, A Delaware Statutory Trust(s) ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff to suffer damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA" or the "Act").

8. Defendant is subject to personal jurisdiction in California, as it conducts business here, and specifically reached into California to attempt to collect debt from Plaintiff by filing a lawsuit against Plaintiff in California.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because all of the events giving rise to this lawsuit occurred in San Diego County, California.

## PARTIES

10. Plaintiff is a natural person who resides in San Diego County, California.

11. Plaintiff is alleged to owe a debt, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant is organized in the State of Delaware and doing business in the State of California.

13. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

14. On or about April 1, 2005, Plaintiff is alleged to have incurred certain financial obligations for a student loan with Banking (JP Morgan Chase Bank, N.A.) (the "Debt").

15. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

16. Plaintiff is alleged to have defaulted on the Debt on or before 2009.

17. The validity of the alleged Debt is immaterial to this action, and Plaintiff currently takes no position as to its validity.

18. Sometime thereafter, Defendant was assigned the right to collect on the Debt.

19. Defendant filed a lawsuit in the Superior Court of California, County of San Diego, case number 37-2014-00025090-CU-CL-CTL against Plaintiff on July 28, 2014 (the "Collections lawsuit").

20. Defendant never received proper service in the Collections lawsuit.

21. Plaintiff became aware that Defendant was attempting to collect the Debt in the Collections lawsuit sometime after August 2016.

22. In the Collections lawsuit, Defendant alleged that Plaintiff was liable for a breach of contract and sought to collect under the terms of the Debt.

23. California's statute of limitations for a breach of contract claim is four years. Cal. Civ. Code § 337.

24. Under the FDCPA, Defendant was not allowed to file the Collections Lawsuit against Plaintiff to collect the Debt since collection on the Debt was barred by the statute of limitations.

25. Under the FDCPA, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The Act prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

26. Defendant further violated the FDCPA when it filed a Request for Entry of Default against Plaintiff on August 28, 2015 because Defendant was not entitled to a default since the Debt was time-barred.

## COUNT ONE

## FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 ET SEQ.

27. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

28. Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant falsely represented the amount and the legal status of the Debt in the Collections Lawsuit.

29. Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take action against the Plaintiff which could not be legally taken in connection with the Collections Lawsuit.

30. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed various false representations and deceptive means in connection with the Collections Lawsuit in an attempt to collect a debt.

31. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt by filing the Collections Lawsuit against Plaintiff.

32. Defendant's conduct violated 15 U.S.C. § 1692f(l) in that Defendant attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above cited provisions.

34. Plaintiff is entitled to damages as a result of Defendant's violations.

35. Plaintiff has been required to retain the undersigned as counsel to protect her legal rights to defend the Collections Lawsuit and to prosecute this cause of action, and is therefore entitled to actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief that this Court deems just and proper.

///
///
///

**JURY DEMAND**

36. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED this 30th day of November 2016.

                                              Respectfully submitted,

                                              **HYDE & SWIGART**

                                              By: /s/ Veronica McKnight
                                                     Veronica McKnight, Esq.
                                                     *Attorneys for Plaintiff*